```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION AT LEXINGTON
```

TYRIS A. BROWN,                  )
                                 )
     Plaintiff,                  )    No. 5:11-CV-00167-JMH
                                 )
V.                               )
                                 )    **MEMORANDUM OPINION**
RON BISHOP, *et al.*,            )    **AND ORDER**
                                 )
     Defendants.                 )

                    **        **        **        **        **

Plaintiff Tyris A. Brown has filed a letter, [Record No. 9], seeking reconsideration of the dismissal of this action and the reinstatement of his civil rights Complaint. Broadly construed, Brown's letter constitutes a motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b). For the reasons set forth below, Brown's motion will be granted.

**BACKGROUND**

On May 18, 2011, Brown filed a *pro se* 42 U.S.C. § 1983 civil rights Complaint in this proceeding against various employees of the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. [Record No. 2]. At that time, Brown was confined in the FCDC. On June 13, 2011, the Clerk of the Court mailed a copy of the Court's "Privacy Rules and Redaction Policy" ("PRRP") to Brown at the FCDC. *See* Docket Entry, 6/13/11. On June 17, 2011, the postal service returned that mailing as "Undeliverable," the FCDC having stamped in red ink "Return to Sender Inmate Released from FCDC" on the envelope. [Record No. 4].

On June 23, 2011, the Court dismissed this proceeding without prejudice, noting in the Order that because Brown had not provided a current address, it had no means of contacting him. [Record No. 5 & 6]. On July 18, 2011, Brown provided the Court with his new address. [Record No. 8]. On July 25, 2011, the Clerk of the Court mailed copies of the Order of Dismissal and Judgment to Brown at his new address. Brown now asks the Court to reconsider the dismissal and reinstate his § 1983 Complaint. He contends that he should have been given additional time in which to notify the Court of his new address, noting that under the Kentucky Rules of Civil Procedure, a party has sixty days in which to notify a court of a change of address.

**DISCUSSION**

Brown's Complaint will be reinstated. A court may relieve a party from a final judgment pursuant to Rule 60(b)(1) due to "mistake, inadvertence, surprise, or excusable neglect."

While the exact date of Brown's release or transfer from the FCDC is unknown, it is undisputed that he had left the FCDC by June 14, 2011, the date on which the FCDC stamped "Return to Sender Inmate Released from FCDC" on the envelope in which the PRRP had been mailed. While Brown waited until July 18, 2011 to notify this Court of his new address, this is not an unreasonable amount of time. Section 5.2(d) of this Court's Local Rules does not identify a time limit for a party to notify the Court or opposing parties of

2

a change address.  Moreover, there has been no prejudice to the defendants or delay in the proceedings in this case.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)  Brown's letter, construed as a motion for reconsideration under Federal Rule of Civil Procedure 60(b)(1), [Record No. 9], is **GRANTED;**

(2) This Court's Order of Dismissal [Record No. 5] and Judgment [Record No. 6], entered on June 24, 2011 are hereby **VACATED;**

(3) This matter shall be, and hereby is, returned to this Court's active docket; and

(4) Brown's motion to proceed *in forma pauperis*, [Record No. 3], is **GRANTED.**

This the 8th day of August, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge