```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION AT LEXINGTON
```

TYRIS A. BROWN,                  )
                                 )
    Plaintiff,                 )       No. 5:11-CV-00167-JMH
                                 )
V.                               )
                                 )       **MEMORANDUM OPINION**
RON BISHOP, *et al.*,            )           **AND ORDER**
                                 )
    Defendants.                )

                      **   **   **   **   **

The Court considers the failure of Plaintiff Tyris A. Brown to prosecute this action by keeping the Court informed of his current address. For the reasons set forth below, this proceeding will be dismissed without prejudice.

**BACKGROUND**

On May 18, 2011, Brown filed a *pro se* 42 U.S.C. § 1983 civil rights Complaint in this proceeding against various employees of the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. [R. 2]. At that time, Brown was confined in the FCDC. Brown was subsequently transferred, but because he failed to inform the Clerk of the Court of his new address, Court documents which had been mailed to him were returned as "Undeliverable. *See* R. 4. Lacking an address where the Court could contact Brown by mail, the Court dismissed his § 1983 Complaint without prejudice on June 23, 2011. *See* R. 5 & 6. The Order of Dismissal and Judgment were subsequently returned in the mail as "Undeliverable." [R. 7].

On July 18, 2011, almost a month after the dismissal of Brown's Complaint, Brown provided the Clerk of the Court with his new mailing address, [R. 8].[1] The Clerk then re-mailed copies of the Order of Dismissal and Judgment to Brown at both of the addresses he had provided on July 18, 2011. *See* Clerk's Docket Notation of July 25, 2011.

After learning that his § 1983 Complaint had been dismissed for failing to provide a current mailing address, Brown filed a motion asking the Court to set aside the dismissal and reinstate his case, arguing that his thirty-three day delay in notifying the Court of his new address had been reasonable under the circumstances. [R. 9]. On August 8, 2011, the Court entered an Order granting Brown's motion to set aside the dismissal of his § 1983 Complaint and directed the Clerk of the Court to reopen this action. [R. 10]. The copy of the August 8, 2011, Order mailed to Brown was not returned as "undeliverable," so Brown presumably received it.

After reopening the case, the Court needed to send Brown a Deficiency Order regarding his motion to proceed *in forma pauperis*,

---

[1] On July 18, 2011, Brown filed a letter notifying the Clerk of the Court of his new address, which he identified as being "627 Greenwood Ave., Clarksville, TN 37040." [R. 8, p. 1]. Brown indicated that at that time he was still in custody, stating that he was ". . .on a charge here in Clarksville, TN and should be getting out on August 1, 2011." *Id*. But on the envelope in which Brown mailed that letter, he listed a different return address, *i.e.*, "116 Commerce St., Clarksville TN 37040." *See* R. 8, p. 2, and Clerk's Docket Notation of 7/18/11.

2

[R. 3], but by that time (mid-August 2011) it was unclear whether Brown was still in custody, had been transferred to another facility, or had been released from custody. On August 19, 2011, the Court entered an Order directing Brown to state, within twenty days: (1) whether he was in custody or had been released, and (2) if he remained in custody, to provide the name and address of the facility in which he was confined. [R. 11].

The Clerk of the Court mailed copies of the August 19, 2011 Order to both of the addressees which Brown had listed in his July 18, 2011, change-of-address letter. *See* Clerk's Certificate of mailing to R. 11. The postal service subsequently returned both of those mailings as "Undeliverable." *See* R. 12 & 13. Other than his August 2, 2011, motion to set aside the earlier dismissal, Brown has neither provided the Clerk of the Court with a current address nor submitted any other pleadings or letters in this proceeding.

**DISCUSSION**

Brown's repeated failure to keep the Clerk of the Court apprised of his current address warrants dismissal of this action. "Every plaintiff in federal court has a responsibility to prosecute his action diligently, and inform the Court of any address changes." *Cardona v. Forster*, No. 95-CV-1939, 1997 WL 599348, at *1 (N.D.N.Y. Sept. 22, 1997). Section 5.2(d) of the Local Rules[2] does

---

[2]

Local Rule 5.2(d) provides: "All pro se litigants must provide written notice of a change of address to the clerk and to the opposing

3

not specify a time-frame in which a party must notify the Court or opposing parties of a change address, but Brown has again failed to diligently provide the Clerk of the Court with a current address where Orders or other official documents could be mailed to him.

Dismissal without prejudice for failure to prosecute is permitted when a plaintiff fails to keep a district court advised of his current address. FED. R. CIV. P. 41(b); *White v. City of Grand Rapids*, 34 F. App' x 210, 211 (6th Cir. 2002); *Smith v. Tennessee*, No. 3:08-0766, 2008 WL 5111111 (M.D. Tenn. December 2, 2008); *Lee v. Caruso*, No. 1:07-CV-139, 2008 WL 2859212 (W.D. Mich. July 22, 2008); *Weaver v. Estes*, No. 4:04-CV-P144-M, 2005 WL 2388284 (W.D. Ky. September 26, 2005).

The Court has attempted to accommodate Brown's *pro se* status, but his repeated failure to provide a current address prevents the Court from notifying him of any action and constitutes failure to prosecute. Further, the complete inability to contact him by mail precludes any other sanction less drastic than dismissal without prejudice. *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E. D. Mich. May 27, 2008). This action will be dismissed without prejudice to Brown filing another § 1983 action asserting his claims, but this action will not be reinstated.

---

party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff Tyris A. Brown's 42 U.S.C. § 1983 Complaint, [R. 2], is **DISMISSED WITHOUT PREJUDICE** for want of prosecution. Fed. R. Civ. P. 41(b).

(2) Brown's motion to proceed in forma pauperis, [R. 3], is **DENIED** as **MOOT**.

(3) The Clerk shall **STRIKE THIS MATTER FROM THE ACTIVE DOCKET**.

This the 5th day of October, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge